UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVID ISAAC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:19-CV-P36-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| HARDIN COUNTY DETENTION ) | **ORDER** |
| CENTER, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff William David Isaac filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will give Plaintiff an opportunity to file an amended complaint.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). Plaintiff sues the following Defendants: HCDC and HCDC personnel Danny Allen, Cpt. Reynolds, and Josh Linbloom; Southern Health Partners (SHP) and SHP personnel identified as "Nurse Practitioners Jeff/Jensen"; and the Kentucky Department of Corrections (KDOC) and KDOC personnel Mark Bohleber and James Irwin. He sues all Defendants in their official capacities only.

Plaintiff asserts that he is a state inmate housed at HCDC. He states, "I believe that I am HIV positive. The Medical Department here at the jail (Southern Health Partners) will not test me for HIV. Last visit to Medical 12-18-18, have filled out multiple sick call requests and was not even allowed to see or talk to nurse practitioner, regarding my symptoms." He indicates that

he also sent a request to "operations" at HCDC to be transferred to a KDOC medical facility. He reports that he also "wrote to Mark Bohleber of Community Facilities for the [KDOC] 12-01-18, DOC cannot dictate medical treatment provided to me."

Plaintiff alleges that he has not received "proper medical care at the [HCDC], as a state inmate." He states, "I have been denied to be tested for HIV, by all Defendants. The only way to know if you are HIV positive is to be tested." He maintains that he is entitled to treatment under the HCDC inmate handbook. Plaintiff states, "The nurse practitioner wrote in my chart, 'If my condition continued to fill out medical request."

Plaintiff states, "Hardin County has the highest percentage for HIV, in the state of Kentucky. Other jails test for HIV. Getting treated for HIV in a timely manner, is of great importance. HIV progresses in stages. The medical department will not screen for hepatitis, or offer flu shot." He continues, "Kentucky has an opioid epidemic. There are certain behaviors and risks associated with it. 01/08/19 refused by medical to be treated for HIV. Will be put on list to see nurse practitioner. I have not seen or talked to one."

In the "Relief" section of the complaint, Plaintiff indicates that he seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When

determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff's official-capacity claims against the individually named Defendants must be construed as brought against their employers. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). With regard to Plaintiff's official-capacity claims against Hardin County employees Allen, Reynolds, and Linbloom, the claims are construed as brought against Hardin County. Plaintiff cannot recover punitive damages against Hardin County because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 818-19 (6th Cir. 2007). Moreover, with regard to Plaintiff's official-capacity claims against the KDOC employees Bohleber and Erwin, state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Based on Plaintiff's demand for monetary damages, as well as the allegations in the complaint, the Court finds that Plaintiff may also seek to sue Defendants in their individual capacities. Moreover, while Plaintiff only lists compensatory and punitive damages in the "Relief" section of the complaint, Plaintiff's allegations indicate that he is also seeking injunctive relief in the form of testing for HIV and treatment, if necessary. Construing the complaint broadly, before completing its initial review, the Court will give Plaintiff the opportunity to file

an amended complaint to clarify the capacity in which he sues Defendants and/or to clarify the relief he is seeking.

Furthermore, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to state how each of the individually named Defendants was personally involved in the acts which allegedly violated is constitutional rights. Therefore, the Court will also give Plaintiff an opportunity in an amended complaint to state how each individual Defendant allegedly violated his rights. Plaintiff must also tender a separate summons form for each Defendant.

### IV. ORDER

Accordingly, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint in which he clarifies whether he is suing each individually-named Defendant in his or her individual and/or official capacities; to clarify the relief he requests; to describe how each Defendant was personally involved in the acts which allegedly violated is constitutional rights; and to submit a completed summons form for each Defendant.** [1]

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; and (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

Plaintiff must include all claims he wishes to assert because the amended complaint shall **supersede** the original complaint, and the Court will conduct initial review of only the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it, along with ten summons forms, to Plaintiff.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for failure to comply with an Order of this Court.**

March 7, 2019

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
A958.010