UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| WILLIAM DAVID ISAAC, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3:19-CV-036-CHB |
| v. | ) | **MEMORANDUM OPINION** |
| HARDIN COUNTY DETENTION CENTER, *et al.*, | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William David Isaac filed the instant *pro se* complaint under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered March 7, 2019, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A [R. 7]. The Court found that Plaintiff's official-capacity claims were subject to dismissal and that the complaint failed to state how each of the individually named Defendants was personally involved in the acts which allegedly violated his constitutional rights. The Court ordered Plaintiff to file an amended complaint within 30 days to clarify in what capacity he was suing Defendants; to clarify the relief he was requesting; to describe how each Defendant was personally involved in the alleged violations of his rights; and to submit a completed summons form for each Defendant. The Court warned Plaintiff that failure to file an amended complaint within the time allotted would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to file an amended complaint or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

May 1, 2019

*signature: Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A958.010